UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BAND,

    Plaintiff,

v.                                      Case No. 8:11-cv-02332-EAK-TBM

TWIN CITY FIRE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

THIS cause is before the Court on Defendant, Twin City Fire Insurance Company's ("Twin City"), Motion to Dismiss. (Doc. 6). The Court reviewed the Motion to Dismiss as well as Plaintiff, David Band's ("Band"), Response in Opposition thereto. (Doc. 16). For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

### Statement of the Facts

In 2008, Twin City issued The Hartford Premier Lawyers Professional Liability Policy No. PF 0236884 to Abel Band, Chartered, a Florida law firm, under which Band was an insured. (Doc. 2, Ex. "A"). In August 2008, Harold L. Libby and Libby St. John, LLC (collectively "Libby") filed suit against David S. Band and Abel Band, Chartered in the Circuit Court of Sarasota County, Case No. 2008 CA 012372 NC (the "Libby Lawsuit"). (Doc. 2 ¶ 10).

In May 2009, Libby filed a Second Amended Complaint alleging legal malpractice, constructive fraud, and breach of fiduciary duty against Band and Abel Band, Chartered. (Doc.

1

6–2). In sum, Libby alleged that he had a continuous lawyer-client relationship with Band (Doc 6–2 ¶ 8), that Band approached him with an opportunity to invest in a resort project in the Virgin Islands called Grande Bay Resort (Doc. 6–2 ¶¶ 10–11), that Libby invested a total of $1,075,146.00 in the project in reliance on Band's representations (Doc. 6–2 ¶¶ 43–45), that Band made false representations to Libby regarding the completion of the project (Doc. 6–2 ¶ 45), and that Libby ultimately lost his total investment. (Doc. 6–2 ¶ 54). In its claim for legal malpractice, Libby asserted that Band's conduct fell "well short" of his "fiduciary, ethical, and legal duties" as an attorney and that Band "failed to exercise the customary degree of care, skill, and diligence that counsel would have exercised in similar circumstances." (Doc. 6–2 ¶¶ 61, 63).

Twin City defended Abel Band, Chartered under a reservation of rights and ultimately settled the Libby Lawsuit on behalf of the law firm, but declined coverage as to Band individually, giving rise to the case at bar. (Doc. 2 ¶ 11). The Libby Lawsuit was ultimately resolved in Band's favor, including summary judgment on the legal malpractice count (Doc. 6–5); however, Band has filed suit against Twin City seeking damages for the expenses he incurred in defending the lawsuit as well as punitive damages. (Doc. 2 ¶¶ 20, 24, 33).

On October 14, 2011, Band filed a three-count Complaint against Twin City. (Doc. 2). In Count I, Band seeks a declaratory judgment that Twin City should have provided coverage in the Libby Lawsuit, owed Band a duty to defend the Libby Lawsuit, and must now reimburse Band for the expenses he incurred in defending the Libby Lawsuit. (Doc. 2 ¶¶ 18–20). In Count II, Band alleges that Twin City breached its duty to defend Band against third party claims in the Libby Lawsuit. (Doc. 2 ¶¶ 21–24). In Count III, Band alleges that Twin City acted in bad faith by failing to provide a defense or settlement in the Libby Lawsuit and seeks punitive damages. (Doc. 2 ¶¶ 25–33).

The Insurance Policy at issue states, "Subject to the limits of liability as set forth in the Declarations and to all the exclusions, conditions, and others terms of this policy, we will pay on behalf of each insured all sums in excess of the deductible amount as stated in the Declarations . . . and we will defend all insureds against whom a claim is made." (Doc. 2, Ex. "A"). Additionally, the Policy provides the following exclusion:

> We shall not pay damages or claim expenses in connection with any claim . . . [a]rising out of [t]he promotion, sale, or solicitation for sale of securities, real estate, or other investments by any insured; or [r]ecommendations, representations, or opinions concerning investment advice . . . or the performance or nonperformance of securities, real estate, or other investments.

(Doc. 6–1, Ex. "A"). In its Motion to Dismiss, Twin City argues that the allegations made against Band in the underlying complaint do not bring the Libby Lawsuit within the Policy coverage because the alleged conduct falls within the Policy exclusion. (Doc. 6). Band maintains that the underlying complaint, when fairly read, alleges facts that bring the Libby Lawsuit within the Policy coverage, requiring Twin City to provide a defense for the Libby Lawsuit. (Doc. 16).

## Standard of Review

A claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the claim does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Further,

3

"determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1940. However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*

In reviewing a motion to dismiss, a court must limit its consideration "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). Additionally, if the appended document reveals facts that foreclose recovery as a matter of law, the complaint must be dismissed. *Id.*

## Discussion

i. **Declaratory Judgment**

In Count I of his Complaint, Band seeks a declaratory judgment that Twin City should have provided coverage in the Libby Lawsuit, owed Band a duty to defend the Libby Lawsuit, and must now reimburse Band for the expenses he incurred in defending the Libby Lawsuit. (Doc. 2 ¶¶ 18–20).

Under Florida law, a court may issue a declaratory judgment as to an insurer's duty to defend. *MJCM, Inc. v. Hartford Cas. Ins. Co.*, 2010 WL 1949585 at *4 (M.D. Fla. May 14, 2010). "Florida courts have held that an insurer's duty to defend arises when a complaint filed against an insured alleges facts within the scope of the policy's coverage." *Id.* "The issue of an insurer's duty to defend a lawsuit against its insured is governed by the terms of the policy and the allegations of the complaint." *Geovera Specialty Ins. Co. v. Hutchins*, ___ F. Supp. 2d ___,

4

2011 WL 6444609 at *4 (M.D. Fla. Dec. 21, 2011). "This rule is often called the 'eight corners rule,' a reference to the four corners of the policy and the four corners of the complaint." *Id.* Further, "[t]he allegations of the complaint control even if other testimony indicates that the actual facts are different from the facts alleged." *MJCM, Inc.*, 2010 WL 1949585 at *4. "If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit;" however, "[c]onclusory 'buzz words' unsupported by factual allegations are not sufficient to trigger coverage." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). Conversely, "[a]n insurer has no duty to defend where the underlying complaint does not allege facts that would bring the complaint within the coverage of the policy." *MJCM, Inc.*, 2010 WL 1949585 at *5. "Doubts as to whether a duty to defend exists are resolved in favor of the insured, and exclusionary clauses in insurance contracts are to be construed liberally in favor of the insured." *Id.*

"The construction and effect of a written contract of insurance, including the determination and resolution of an ambiguity, is a matter of law to be determined by the Court." *Id.* "When construing insurance policies, courts are to read the policy as a whole and attempt to give every provision its full meaning and operative effect." *Geovera Specialty Ins. Co.*, 2011 WL 6444609 at *4. In interpreting insurance contracts, the law firmly establishes that "the language of the policy is the most important factor." *James River Ins. Co. v. Ground Down Engineering, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting *Taurus Holdings, Inc. v. United States Fid. & Guar. Co.*, 913 So. 2d 528, 537 (Fla. 2005)). Thus, insurance contracts must be "construed according to their plain meaning." *Id.* "Ambiguities in policy language 'are construed against the insurer' in favor of coverage," but this rule of construction will only apply when there is genuine inconsistency or ambiguity. *Id.* "A contract provision is considered ambiguous if the 'relevant

policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.'" *Id.*

The Policy at issue states that coverage is "subject to the limits of liability as set forth in the Declarations and to all the *exclusions*, conditions, and others terms of this policy." (Doc. 2, Ex. "A") (emphasis added). Further, the Policy excludes any claims "[a]rising out of [t]he promotion, sale, or solicitation for sale of securities, real estate, or other investments by any insured; or [r]ecommendations, representations, or opinions concerning investment advice . . . or the performance or nonperformance of securities, real estate, or other investments." (Doc. 6–1, Ex. "A"). The Florida Supreme Court has held that the phrase "arising out of" is not ambiguous and should be interpreted broadly. *Taurus*, 913 So. 2d at 539. The Court declared that the term "arising out of" means "originating from," "having its origin in," "growing out of," "flowing from," "incident to," or "having a connection with." *Id.* Thus, the Policy unambiguously excludes any claims "[a]rising out of [t]he promotion, sale, or solicitation for sale of securities, real estate, or other investments by any insured; or [r]ecommendations, representations, or opinions concerning investment advice . . . or the performance or nonperformance of securities, real estate, or other investments." (Doc. 6–1, Ex. "A").

Looking solely to the Second Amended Complaint in the Libby Lawsuit and the plain language of the Policy, the Court finds that the facts of the underlying complaint do not fall within the Policy's coverage. The Second Amended Complaint in the Libby Lawsuit is replete with factual allegations complaining of a failed real estate transaction. (Doc. 6–2 ¶¶ 9–19, 39–60, 65). The underlying complaint indicates that Band's involvement in the real estate investment transaction was not ancillary to Libby's claim him for legal malpractice; rather, the Libby Lawsuit "originated from" or "grew out of" the failed real estate investment. *Taurus*, 913

6

So. 2d at 539. Thus, the claims against Band in the Libby Lawsuit are unequivocally excluded from Policy coverage because they "arose out of" "[t]he promotion, sale, or solicitation for sale of . . . real estate, or other investments by any insured." (Doc. 6–1, Ex. "A"). Therefore, Twin City had no duty to defend Band in the Libby Lawsuit. Accordingly, this Court finds that Band failed to plead sufficient factual matter to establish that Twin City had a duty to defend, and as a result, Band's claim for Declaratory Judgment is dismissed.

ii. **Breach of Contract**

In Count II, Band asserts a claim for breach of contract alleging that Twin City breached its duty to defend Band against third party claims in the Libby Lawsuit. (Doc. 2 ¶ ¶ 21–33). Under Florida law, "[a]n insurer has no duty to defend where the underlying complaint does not allege facts that would bring the complaint within the coverage of the policy." *MJCM, Inc.*, 2010 WL 1949585 at *5. Further, "[i]f there is no duty to defend, then the insurer does not breach the insurance contract by refusing to defend." *Spencer v. Ins. Co. of America*, 1993 WL 761408 at *5 (N.D. Fla. June 8, 1993). For the reasons stated above, we find that the Libby Lawsuit failed to allege facts that would bring the claims against Band under the Policy coverage; thus, Twin City had no duty to defend Band in the Libby Lawsuit. Because Twin City did not have a duty to defend Band in the Libby Lawsuit, it did not breach the insurance contract by failing to provide a defense. *Id.* Accordingly, Count II must be dismissed.

iii. **Bad Faith Failure to Defend**

In Count III, Band alleges that Twin City acted in bad faith by failing to provide a defense or settlement in the Libby Lawsuit and seeks punitive damages. (Doc. 2 ¶ ¶ 25–33). "In order to successfully plead a first-party cause of action for bad faith failure to settle a claim, an insured must fulfill the following requirements: (1) file a written Civil Remedy Notice; (2) obtain

the favorable resolution of an underlying civil action for insurance benefits against the insurer; and (3) allege both that there has been a determination of the existence of liability on the part of the insurer and the extent of the plaintiff's damages." *Porcelli v. OneBeacon Ins. Co., Inc.*, 635 F. Supp. 2d 1312, 1316 (M.D. Fla. 2008) (internal quotations omitted). Here, Band has not alleged, and cannot allege, that there has been a determination of the existence of liability on the part of Twin City; thus, his claim for bad faith failure to defend is insufficiently plead. Accordingly, it is

**ORDERED** that Twin City's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Doc. 6) be **GRANTED**. Because permitting the amendment of the complaint would be futile, the dismissal of Counts I, II, and II is **WITH PREJUDICE**. Additionally, Twin City's Motion to Stay (Doc. 31) is **DENIED** as moot. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 4th day of April, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.

8